Case 4:25-cr-00194   Document 1   Filed 04/23/25 in TXSD   Page 1 of 8

United States Courts
Southern District of Texas
FILED
*April 23, 2025*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | **4:25-cr-194** |
| vs. | § § | **CRIMINAL NO.** |
| **(1) ASHLEY OLASOPE URUNE,** <br> **(2) CABRIA TOYIA CUNNINGHAM, and** <br> **(3) MYKIAH IYANNI PASHUN FURLOUGH,** | § § § § | |
| Defendants. | § § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At times material to this Indictment:

1. The Federal Deposit Insurance Corporation ("FDIC") was an agency of the federal government which insured the deposits of member banks against loss with the purpose of preventing their collapse and instilling public confidence in the nation's banking institutions.

2. Synchrony Bank was a financial institution, the deposits of which were insured by the FDIC.

3. JCPenney was a department store chain with stores located throughout the United States, including stores located within the Southern District of Texas.

4. Synchrony Bank was the financial institution behind many different store-branded credit cards, including but not limited to JCPenney.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

5. The Grand Jury re-alleges paragraphs 1 through 4 of this Indictment.

6. From in or around August 2022 through in or around November 2023, within the Southern District of Texas and elsewhere,

**(1) ASHLEY OLASOPE URUNE,
(2) CABRIA TOYIA CUNNINGHAM, and
(3) MYKIAH IYANNI PASHUN FURLOUGH**

defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to commit certain offenses against the United States, namely: wire fraud, that is to knowingly devise and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**All in violation of Title 18, United States Code, Section 1349.**

### *Overview of the Conspiracy and the Scheme to Defraud*

7. During the conspiracy period alleged above, within the Southern District of Texas and elsewhere, the defendants conspired together and with others, and with intent to defraud, participated in a scheme and artifice to defraud JCPenney and Synchrony Bank, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

8. As part of the conspiracy, the defendants impersonated real JCPenney customers with JCPenney-branded credit cards for the purpose of accessing and using credit that had been

2

extended to those customers by Synchrony Bank. Defendants used the credit accounts to purchase merchandise and third-party gift cards. Because the items of value had been purchased on credit using the names of real JCPenney credit accountholders, and not the names of the defendants, the defendants received these items without tendering any payment, at the time of purchase or later.

9. As part of the conspiracy, the defendants caused wire communications to be transmitted in interstate commerce. These wire communications traveled between the locations of JCPenney stores in at least nine different states and processor servers located in Ohio, Kansas, and/or Nebraska for the purposes of verifying and using the credit accounts of real JCPenney credit accountholders.

### *Manner and Means of the Conspiracy and Scheme*

10. It was part of the scheme that defendants and co-conspirators known and unknown to the Grand Jury obtained Personal Identifying Information (PII) of real JCPenney credit accountholders.

11. It was part of the scheme that defendants and co-conspirators known and unknown to the Grand Jury traveled around the country to multiple JCPenney store locations and selected merchandise and third-party gift cards to purchase.

12. It was part of the scheme that defendants and co-conspirators known and unknown to the Grand Jury impersonated real JCPenney credit accountholders at the point-of-sale terminals and stated that they did not have their physical credit card on their persons.

13. It was part of the scheme that defendants and co-conspirators known and unknown to the Grand Jury entered PII of the real JCPenney credit accountholders into the point-of-sale terminal keypads and presented to JCPenney employees forms of identifications bearing the names

of the real JCPenney credit accountholders, which allowed them to access and use those credit accounts to purchase the selected merchandise and third-party gift cards.

### *Overt Acts*

**May 2023**

14. On or about May 19, 2023, **URUNE** called the Synchrony customer service phone number regarding the JCPenney-branded credit accounts of R.S.R. and S.M.M., among others.

15. On or about May 24, 2023, **CUNNINGHAM** and **FURLOUGH** appeared together at a JCPenney store located in Pearland, Texas, within the Southern District of Texas.

16. At the point-of-sale terminal, **CUNNINGHAM** provided the Social Security number of R.S.R. and presented a form of identification with the name of R.S.R. to the JCPenney employee. These means of identification allowed **CUNNINGHAM** to access and use the credit account of R.S.R. in eight successive transactions for the purchase of merchandise and/or third-party gift cards totaling approximately $472.71.

17. Immediately following **CUNNINGHAM**'s transactions, **FURLOUGH** approached the same point-of-sale terminal. **FURLOUGH** provided the Social Security number of S.M.M. and presented a form of identification with the name of S.M.M. to the JCPenney employee. These means of identification allowed **FURLOUGH** to access and use the credit account of S.M.M. in one transaction for the purchase of merchandise and/or third-party gift cards totaling approximately $59.35.

**July 2023**

18. On or about July 8, 2023, **URUNE** called the Synchrony customer service phone number regarding the JCPenney-branded credit accounts of F.M.R., N.K., and A.D., among others.

19. On or about July 10, 2023, **URUNE** and another woman appeared together at a JCPenney store located in Rosenburg, Texas, within the Southern District of Texas.

20. At the point-of-sale terminal, **URUNE** provided the Social Security number of F.M.R. and presented a form of identification with the name of F.M.R. to the JCPenney employee. These means of identification allowed **URUNE** to access and use the credit account of F.M.R. in one transaction for the purchase of merchandise and/or third-party gift cards totaling approximately $37.35.

21. On or about July 11, 2023, **URUNE** appeared at a JCPenney store located in Friendswood, Texas, within the Southern District of Texas.

22. At the point-of-sale terminal, **URUNE** provided the Social Security number of F.M.R. and presented a form of identification with the name of F.M.R. to the JCPenney employee. These means of identification allowed **URUNE** to access and use the credit account of F.M.R. in six successive transactions for the purchase of merchandise and/or third-party gift cards totaling approximately $512.99.

23. On or about July 11, 2023, **URUNE** and **CUNNINGHAM** appeared together at a JCPenney store located in Houston, Texas, within the Southern District of Texas.

24. At the point-of-sale terminal, **URUNE** provided the Social Security number of N.K. and presented a form of identification with the name of N.K. to the JCPenney employee. These means of identification allowed **URUNE** to access and use the credit account of N.K. in six successive transactions for the purchase of merchandise and/or third-party gift cards totaling approximately $525.22.

25. At a different point-of-sale terminal, **CUNNINGHAM** provided the Social Security number of A.D. and presented a form of identification with the name of A.D. to the JCPenney employee. These means of identification allowed **CUNNINGHAM** to access and use the credit account of A.D. in two successive transactions for the purchase of merchandise and/or third-party gift cards totaling approximately $102.77.

## COUNTS TWO THROUGH SEVEN
### (Wire Fraud)

26. The Grand Jury re-alleges paragraphs 1 through 25 of this Indictment.

27. On or about the dates listed below, in the Southern District of Texas and elsewhere, the following defendants, with the intent to defraud, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted in interstate commerce the wire communications identified below.

| Count | Defendant(s) | Date | Wire Communication |
|---|---|---|---|
| 2 | **(1) ASHLEY OLASOPE URUNE** **(2) CABRIA TOYIA CUNNINGHAM** | May 24, 2023 | Purchase on credit account of R.S.R. |
| 3 | **(1) ASHLEY OLASOPE URUNE** **(3) MYKIAH IYANNI PASHUN FURLOUGH** | May 24, 2023 | Purchase on credit account of S.M.M. |
| 4 | **(1) ASHLEY OLASOPE URUNE** | July 10, 2023 | Purchase on credit account of F.M.R. |
| 5 | **(1) ASHLEY OLASOPE URUNE** | July 11, 2023 | Purchase on credit account of F.M.R. |

| Count | Defendant(s) | Date | Wire Communication |
|---|---|---|---|
| 6 | **(1) ASHLEY OLASOPE URUNE** | July 11, 2023 | Purchase on credit account of N.K. |
| 7 | **(1) ASHLEY OLASOPE URUNE** <br><br> **(2) CABRIA TOYIA CUNNINGHAM** | July 11, 2023 | Purchase on credit account of A.D. |

**All in violation of Title 18, United States Code, Section 1343 and 2.**

## COUNTS EIGHT THROUGH TWELVE
### (Aggravated Identity Theft)

28. The Grand Jury re-alleges paragraphs 1 through 27 of this Indictment.

29. On or about the dates listed below, in the Southern District of Texas and elsewhere, the following defendants, aided and abetted by others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and Social Security number of the persons listed below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, Wire Fraud (18 U.S.C. § 1343), knowing that the means of identification belonged to another actual person.

| Count | Defendant | Date | Victim |
|---|---|---|---|
| 8 | **(2) CABRIA TOYIA CUNNINGHAM** | May 24, 2023 | R.S.R. |
| 9 | **(3) MYKIAH IYANNI PASHUN FURLOUGH** | May 24, 2023 | S.M.M. |
| 10 | **(1) ASHLEY OLASOPE URUNE** | July 10, 2023 | F.M.R. |
| 11 | **(1) ASHLEY OLASOPE URUNE** | July 11, 2023 | N.K. |
| 12 | **(2) CABRIA TOYIA CUNNINGHAM** | July 11, 2023 | A.D. |

**All in violation of Title 18, United States Code, Section 1028A(a)(1) and 2.**

## NOTICE OF FORFEITURE
### (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

30. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to defendants that in the event of their conviction of any of the offenses charged in Counts One through Seven of this Indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, is subject to forfeiture.

### *Money Judgment and Substitution Assets*

31. Defendants are notified that upon conviction, the United States will seek a money judgment against each defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendants up to the amount of the money judgment against that defendant.

A True Bill:

Original Signature on File
Grand Jury Foreperson

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By: _____
Stephanie Bauman
Assistant United States Attorney
713-567-9000